UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20545-CV-MORENO
MAGISTRATE JUDGE REID

JOEL SANUDO,

    Plaintiff,

v.

OFFICER JOHNNY JONES,

    Defendant.
_____/

**REPORT OF MAGISTRATE JUDGE**
**RE: AMENDED COMPLAINT PURSUANT TO 42 U.S.C. § 1983**
**[ECF 7]**

## I.   Introduction

The cause comes before this Court upon the *pro se* Plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 7]. Plaintiff raises claims against one defendant, a correctional officer, Johnny Jones, arising from an incident that occurred while he was confined at Turner Guilford Knight Detention Center (TGK). [*Id.*]. By separate court order, Plaintiff's request for *in forma pauperis* status was granted and debt established in the amount of $350.00. [ECF Nos, 3, 5]. Plaintiff, a pre-trial detainee, is currently housed at Miami-Dade County Pretrial Detention Center.

The case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2.

Upon the initial screening of the amended complaint, Plaintiff sues Officer Johnny Jones, a correctional officer at TGK. [ECF No. 7]. Plaintiff alleges the officer employed unlawful use of force on January 7, 2020. [*Id*. at 5].

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening of the amended complaint. [ECF No. 7]. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A.

For the reasons stated here, the Undersigned recommends that this matter PROCEED, in part, against Officer Jones.

## II. Standard of Review

### A. Applicable Law for Screening

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be

dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 470 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "[l]imited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Finally, under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "[b]ased on an indisputably meritless legal theory…" or "[w]hose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999); construct a litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, rather, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### III.     Facts Set Forth in the Amended Complaint [ECF No. 7]

Plaintiff alleges that on January 7, 2020, between 1:30 and 2:30 p.m., he was placed in Cell K2-1 at TGK upon his arrival where he waited for his cell to become available. [ECF No. 7 at 5]. He held his property in a black bag and was told to drop it on the floor. [*Id*. at 6]. Plaintiff alleges that he tried to explain to officers that he wanted to place his property in a bag with his name and jail number on it when Officer Jones grabbed him and threw him on the floor. [*Id*. at 7]. Although Plaintiff was handcuffed at the time, while on the floor, Officer Jones bent Plaintiff's hand and fingers back causing sufficient pain for Plaintiff to scream. [*Id*.]. According to Plaintiff, Officer Jones while bending Plaintiff's hand back, grabbed his arm, pulled him into another room, threw him in the room, and punched Plaintiff in the face numerous times. [*Id*.]. Officer Jones continued the beating by kicking Plaintiff in the stomach and face. [*Id*.]. Plaintiff asserts he remained on the floor "daze[d]." [*Id*.].

Plaintiff asked for medical treatment but was only provided Tylenol. [*Id*.]. He claims no officer would assist him but names no one else in the lawsuit. [*Id*.]. Plaintiff alleges he suffered physical injuries: a black eye, a "busted lip", and stomach pain. [*Id*. at 6]. Plaintiff asserts that as a result he is suffering from increased depression and mental and emotional distress. [*Id*.].

Plaintiff seeks $250,000 in damages, any costs associated with this suit, and a jury trial. [*Id.*]. Plaintiff also seeks injunctive relief against Officer Jones to cease physical violence. [*Id.*].

### IV.     Discussion

It is well-settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (citation omitted). Further, § 1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. *Id.* at 1513 (citing *Baker v. McCollan*, 443 U.S. 137, 145-146 (1979)).

Thus, to state a viable claim for relief in a § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan,*

526 U.S. 40 (1999); *Willis v. University Health Serv's, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

### A. Unlawful Use of Force Claim

Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (*per curiam*) (citations omitted).

Plaintiff has sued Officer Jones in his individual and official capacities claiming use of unlawful force; and his allegations, must be accepted as true at this stage of the proceedings.

A prisoner "who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citing *Hudson* at 9). Such an encounter involving only *de*

7

*minimus* force is "insufficient, as a matter of law, to state a constitutional violation." *Bryan v. Spillman*, 217 F. App'x 882, 886 (11th Cir. 2007). Not "every malevolent touch ... gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Indeed, federal courts "have routinely held that a single push, shove, punch, or blow ... simply does not rise to constitutional dimensions." *Neal v. Miller*, 778 F. Supp. 378, 382 (W.D. Mich. 1991).

Here, however, Plaintiff has sufficiently alleged more than *de minimus* force by Officer Jones as to this incident: bending his hand and fingers back, repeatedly punching him in the face, and kicking Plaintiff in the stomach and face all while Plaintiff was handcuffed and on the floor. Plaintiff alleges the beating resulted in facial injuries and, subsequent mental and emotional distress. Accordingly, this excessive force claim should PROCEED against Officer Jones.

## B. Denial of Medical Care Claim

Plaintiff's claims of denial of medical care are less clear. He alleges that Officer Jones, after removing his handcuffs, left the room while he remained on the floor in pain. [ECF No. 7 at 7]. Plaintiff claims that he asked for medical treatment but was only given Tylenol and "had no other choice but to wait for the right time to report everything." [*Id.*].

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. *McElligott v. Foley*, 182 F.3d

8

1248, 1254 (11th Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer*, 511 U.S. at 834; *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S.

294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id*. at 835-36.

Here, as narrated above, Plaintiff alleges he suffered a serious beating from Officer Jones resulting in a black eye, "busted lip," and emotional injury. He claims a nurse gave him Tylenol for pain and an increased dosage of medication for his depression. [ECF No. 7 at 7]. This Court is not unsympathetic to Plaintiff's suffering but without more, Plaintiff fails to state a claim.

Plaintiff does not explain what further medical care he required for these injuries. Moreover, Plaintiff names no one in the lawsuit other than Officer Jones who might be held accountable for the lack of medical care. Presumably, Officer Jones would know that Plaintiff needed medical care since he allegedly applied the force that resulted in Plaintiff's injuries, however, it appears that Plaintiff received medical care and that Officer Jones did not deny him this care. This Court is unable to rewrite Plaintiff's amended complaint "to include claims" he did not present. *Barnett v. Hargett*, 174 F.3d at 1133. At this juncture, Plaintiff's claims of deliberate indifference to a serious medical need claim against Officer Jones should be DISMISSED for failure to state a claim.

### C. Official Capacity Claims

A suit against the Florida Department of Corrections is the equivalent of suing the state. The State of Florida is immune from monetary damages based upon the

Eleventh Amendment. *Gamble v. Fla. Dept. of Health and Rehabilitative Services*, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. *See Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (alteration added). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. *See id.* A state, and an agency of a state, (i.e. the Florida Department of Corrections) are thus immune from liability under § 1983. *See Williams v. Robbins*, 153 F. App'x 574, 576 (11th Cir. 2005).

Of course, suits for nominal damages against state officers in their official capacities are included in this Eleventh Amendment bar. *See Simmons v. Conger*, 86 F.3d 1080, 1086 (11th Cir. 1996) (finding district court erred in awarding nominal damages against a judge sued in his official capacity because the relief was barred by Eleventh Amendment). This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought").

However, the Supreme Court has qualified the Eleventh Amendment bar.

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that

11

> was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages. It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else. On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Papasan v. Allain*, 478 U.S. 265, 278 (1986) (internal citations omitted). In other words, the Eleventh Amendment immunity does not generally prohibit suits seeking only prospective injunctive or declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 68 (1985); *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999).

Here, Officer Jones, an employee of TGK, sued in his official capacity, is tantamount to asserting a suit against the government entity, the Florida Department of Corrections (the "FDOC"). The FDOC, however, is protected by the Eleventh Amendment bar. Therefore, any claims against Officer Jones in his *official* capacity should be DISMISSED. However, as stated above, the claims against Officer Jones in his *individual* capacity should PROCEED.

### D. Mental and Emotional Injuries

"Under § 1997e(e), a prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury." *Johnson v. Patterson*, 519 F. App'x 610, 612 (11th Cir. 2013) (internal citations omitted). "Federal civil actions" includes all federal claims and

constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc).

To satisfy § 1997e(e), a prisoner must allege "the physical injury must be more than de minimis, but need not be significant." *Quinlan v. Personal Transport Serv's. Co., LLC*, 329 F. App'x 246, 249 (11th Cir. 2009) (internal citations omitted). Section 1997e(e) is an affirmative defense but comes within the purview of the district court's screening under the PLRA where the allegations of the complaint show that it would bar recovery. *See Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Eleventh Circuit has not adopted a definition of *de minimus*. *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n. 3 (11th Cir. 2014). The Court has noted, however, that it is more than *de minimus* where it has been described as "'an observable or diagnosable medical condition requiring treatment by a medical care professional.'" *Id*. (*citing Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997).

Here, Plaintiff's allegations that he suffered physical injuries and increased depression, which necessitated medical treatment, amount to a greater than *de minimus* injury. [ECF No. 7 at 6]. As such, Plaintiff's claims for mental and emotional injuries should PROCEED.

*E. Injunctive Relief*

"Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). To establish constitutional standing a plaintiff must show (1) a concrete and particularized injury in fact that is actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decisions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where the plaintiff seeks injunctive relief, a showing of past injury will not suffice to establish standing. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). In other words, the plaintiff must demonstrate a real and immediate threat of future injury that is not hypothetical or conjectural. *Id.* at 1329.

Here, Plaintiff seeks an injunction against Officer Jones to cease physical violence toward him; however, he alleges only one isolated incident, which occurred in January 2020, at another facility from where he is currently held. As such, this past exposure to allegedly illegal conduct that is not actual or imminent does not constitute a present case or controversy for injunctive relief. Accordingly, Plaintiff's claim for injunctive relief should be DENIED.

## V. Recommendation

As to Plaintiff's federal constitutional claims, as alleged in the Amended Complaint [ECF No. 7], it is recommended that the matter PROCEED IN PART as follows:

1. The claim against Officer Jones in his individual capacity for unlawful use of force for the incident alleged on January 7, 2020, should PROCEED;

2. The claims against Officer Jones for mental and emotional injuries should PROCEED.

3. The claim against Officer Jones, in his official capacity, for unlawful use of force should be DISMISSED;

4. The claim against Officer Jones, for deliberate indifference to a serious medical need claim should be DISMISSED for failure to state a claim.

5. The claims against Officer Jones for injunctive relief should be DENIED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 16th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Joel Sanudo
 190143439
 Miami-Dade County-PDC
 Pretrial Detention Center
 Inmate Mail/Parcels
 1321 NW 13th Street
 Miami, FL 33125
 PRO SE